IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>*Plaintiffs,*<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave. N.W.<br>Washington, D.C. 20530<br><br>*Defendant.* | Case No.  24-cv-2767 |

**COMPLAINT AND PRAYER FOR DECLARATORY**
**AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant, U.S. DEPARTMENT OF JUSTICE ("DOJ" or "Department"), allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of certain records related to communications sent by various Department officials containing certain terms related to the 25th Amendment and President Joseph R. Biden's past, present, and future fitness for Office. *See* Plaintiffs' FOIA Request, FOIA-2024-03041 (Aug. 13, 2024) ("Requests" or "Plaintiffs' FOIA Requests") (Ex. 1).

1

**PARTIES**

2. Plaintiff, The Heritage Foundation, is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, About Heritage, https://www.heritage.org/about-heritage/mission (last visited Sep. 27, 2024). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.

3. Plaintiff, Mike Howell, leads The Heritage Foundation's Oversight Project and is an author for The Daily Signal. The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight. "The requests and analyses of information are informed by Heritage's deep policy expertise. By its nature, the Oversight Project is primarily engaged in disseminating information to the public." Oversight Project, *found at* https://www.heritage.org/oversight (last visited Sept. 27, 2024); Oversight Project (@OversightPR), X (last visited Sept. 27, 2024), https://twitter.com/OversightPR. Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.[1]

4. Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement is whose mission statement is to "uphold the rule of

---

[1] Roman Jankowski originally submitted the Requests in his capacity as a Senior Investigative Counsel to the Heritage foundation Oversight Project. He assigned the Requests to the Mike Howell, Executive Director of the Oversight Project on September 27, 2024. (Ex. 2).

law, to keep our country safe, and to protect civil rights." About DOJ; Our Mission, *found at* https://www.justice.gov/about (last visited Sept. 27, 2024).

## BACKGROUND

5. On July 21, 2024, President Joseph R. Biden officially announced the termination of his candidacy from the 2024 Presidential Election. Several media outlets reported that President Biden was forced out by senior leaders within the Democrat Party who threatened removing the President by invoking the 25th Amendment. *See generally* Compilation of News Articles Discussing the 25th Amendment and President Biden's Withdrawal from the Presidential Election (Ex. 3). These reports confirm the apparent mental decline of President Biden, especially in the past three months. *See* Compilation of News Articles Concerning President Biden's Mental Decline (Ex. 4). Following these reports and President Biden's multiple instances of mental decline, Plaintiffs submitted sixty-four separate but identical Requests to the Department. Plaintiffs seek information related to President Biden's past, present, and future fitness for Office and any communications that Department officials used to assess agency requests for guidance on triggering the 25th Amendment's mechanisms, and to what extent President Biden's apparent dementia and general mental decline was discussed amongst top officials at the Department.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of Columbia.

**PLAINTIFFS' FOIA REQUEST**

8. Plaintiffs submitted sixty-four separate but identical Requests on August 13, 2024, to Defendant.

9. The Requests sought, any communications containing the search terms "'Biden' AND '25th' OR 'parkinsons' OR 'd[e]mentia'." *See generally* Requests.

10. The Requests sought a fee waiver based on Heritage's status as a not-for-profit and the fact that a purpose of the Requests was to allow Heritage to gather information on a matter of public interest for (among other things) use by authors of, *The Daily Signal*, which is a major news outlet. *Id.*

**DEFENDANT'S CONSTRUCTIVE DENIAL OF THE REQUESTS**

11. Defendant acknowledged receipt of the Requests on August 14, 2024. *See* Letter to Mike Howell from Douglas R. Hibbard (Aug. 14, 2024) ("Ack. Ltr.") (Ex. 5).

12. Defendant aggregated the sixty-four Requests into one tracking number, FOIA-2024-03041, and administratively closed the remaining sixty-three tracking numbers. *See* Ex. 5 at 1.

13. Defendant asserted "unusual circumstances" pursuant to 5 U.S.C. 552 § (a)(6)(B)(i)-(iii), because the Requests "require a search in and/or consultation with another Office." *Id.*

14. Plaintiffs have not received any other communications since August 14, 2024.

15. Defendant has not made a determination on the Requests.

16. Defendant has not ruled on Plaintiffs' fee waiver applications.

17. Thirty working days from August 14, 2024, is September 26, 2024.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

18. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

19. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

20. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

21. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

22. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Requests.

23. Defendant's failure to conduct searches for responsive records violates FOIA and DOJ regulations.

24. Plaintiffs have a statutory right to the information they seek.

25. Defendant is in violation of FOIA.

26. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

27. Plaintiffs have no adequate remedy at law.

28. Plaintiffs have constructively exhausted their administrative remedies.

## SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

30. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

31. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

32. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

33. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Requests.

34. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Requests.

35. Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

36. Plaintiffs have a statutory right to the information they seek.

37. Defendant is in violation of FOIA.

38. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important

to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

39. Plaintiffs have no adequate remedy at law.

40. Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

41. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

42. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

43. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

44. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. § 16.10(k).

45. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

46. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via, The Daily Signal. 5 U.S.C. § 552(a)(4)(a)(ii).

47. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

48. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

49. Plaintiffs have a statutory right to a fee waiver.

50. Defendant is in violation of FOIA by denying a fee waiver.

51. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

52. Plaintiffs have no adequate remedy at law.

53. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

54. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

55. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

56. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

57. The Requests do not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

58. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via, The Daily Signal. 5 U.S.C. § 552(a)(4)(a)(ii).

59. Disclosure of the information sought by the Requests also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

60. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Requests. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

61. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

62. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

63. Plaintiffs have no adequate remedy at law. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Requests;

B.	Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Requests and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C.	Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

D.	Retain jurisdiction over this matter as appropriate;

E.	Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

F.	Grant such other and further relief as this Court may deem just and proper.

Dated:  September 27, 2024

Respectfully submitted,

/s/ Eric Neal Cornett
ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone: (606) 275-0978
Email: neal@cornettlegal.com

SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email: samueledewey@sedchambers.com

KYLE BROSNAN
(No. 90021475)
The Heritage Foundation
Telephone: (202) 608-6060
Email: Kyle.Brosnan@heritage.org

MAX TAYLOR MATHEU
(No. 90019809)
Telephone: (727) 249-5254
Email: maxmatheu@outlook.com

*Counsel for Plaintiffs*